IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY HILL, et al, <br><br> Plaintiffs, <br><br> v. <br><br> BAKERSFIELD POLICE DEPARTMENT, et al, <br><br> Defendants. | 1:06-cv-0128 OWW TAG <br><br> FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO PROSECUTE |

    Plaintiff Anthony Hill seeks to proceed pro se with a civil rights action pursuant to 42 U.S.C. § 1983 on behalf of himself and plaintiff Elsie Hill. When this action commenced on February 6, 2006, plaintiff Hill was incarcerated at the Fresno County Jail in Fresno, California. (Doc. 1).

    The Complaint filed on February 6, 2006 names Anthony Hill and Elsie Hope as plaintiffs. However, only Anthony Hill signed the Complaint. (Doc. 1).

    On June 12, 2006, the Court issued an Order reassigning this action to United States District Judge Oliver W. Wanger and served the Order on plaintiff Hill at the Fresno County Jail address provided by plaintiff Hill. (Doc. 14). On June 30, 2006, the Order was returned by the U.S. Postal Service as undeliverable, and stated that plaintiff Hill is "Out of Custody." (Doc. 15).

On February 2, 2006, plaintiff Hill filed an application to proceed in forma pauperis. (Doc. 2). On February 24, 2006, the Court issued an Order finding that the application was incomplete because it was not dated, signed, or certified, and it failed to include a prison trust account statement. (Doc. 6) In the same Order, the Court ordered plaintiff Hill to either pay a $250 filing fee or submit a completed application to proceed in forma pauperis along with a certified copy of his trust account statement, within 30 days. (Doc. 6).

On February 23, 2006, plaintiff Hill resubmitted the same application to proceed in forma pauperis; however, this time the balance of his prison/jail trust account was certified by the Fresno County Jail and included a copy of his trust account statement. (Doc. 9). On February 27, 2006, the Court denied Plaintiffs' application to proceed in forma pauperis, noting that it was submitted by plaintiff Hill on behalf of himself and plaintiff Hope, and that plaintiff Hope had neither signed the application nor provided any information regarding her financial circumstances. (Doc. 10). To date, no new application to proceed in forma pauperis has been filed by either plaintiff Hill or plaintiff Hope, and neither plaintiff has paid the filing fee.

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and

2

>if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, the only address provided to the Court on behalf of either plaintiff Hill or plaintiff Hope, is plaintiff Hill's address at the Fresno County Jail. More than sixty days have passed since plaintiff Hill's mail was returned and he has not notified the Court of his current address. Plaintiff Elsie Hope has not provided the Court with her current address since the commencement of this action, and the docket reflects no pleadings filed by her indicating that she is aware of, or acquiesces in, her status as a party to this action.

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since February 6, 2006. The Court cannot hold this case in abeyance indefinitely based on plaintiffs' failure to notify the Court of their addresses. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since

3

a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, given the Court's inability to communicate with plaintiffs based on the plaintiffs' failure to keep the Court apprised of their current addresses, no lesser sanction is feasible.

     Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed for plaintiffs' failure to prosecute.

     These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fifteen (15) days after being served with these Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **January 9, 2007**             /s/ Theresa A. Goldner
**j6eb3d**                                 UNITED STATES MAGISTRATE JUDGE

4